UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BRANDON GROSS, | ) |
| | ) |
| Plaintiff | ) |
| | )   1:17-cv-00297-JAW |
| v. | ) |
| | ) |
| SCOTT LANDRY, et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION AFTER SCREENING COMPLAINT
PURSUANT TO 28 U.S.C. §§ 1915(e), 1915A**

In this action, Plaintiff Brandon Gross, an inmate in the custody of the Maine Department of Corrections, alleges he is hearing disabled and that certain defendants employed by Defendant Correct Care Solutions, LLC, have been deliberately indifferent to his serious health needs. Plaintiff also asserts that other defendants employed by the Maine Department of Corrections violated his rights under the Due Process Clause, and have discriminated against him based on his disability.

Plaintiff filed an application to proceed in forma pauperis (ECF No. 4), which application the Court granted. (ECF No. 6.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

1

Following a review of the Plaintiff's complaint, including the attachments to the complaint, I recommend the Court dismiss Plaintiff's claims against some of the defendants, but order service on other defendants.

### STANDARD OF REVIEW

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the

benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim," *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## FACTUAL BACKGROUND[1]

Plaintiff alleges that he is hearing impaired in his left ear, which impairment Defendants confirmed upon Plaintiff's initial medical screening at the Maine Correctional Center. (Complaint ¶¶ 23, 34.) According to Plaintiff, he initially received "the appropriate accommodation," which consisted of a hearing impaired sign for his cell door, but the sign was removed when corrections officers complained that they had to awaken Plaintiff during the morning cell count. (*Id.* ¶¶ 25, 27, 40, 41.) Plaintiff also contends that

---

[1] The facts set forth herein are derived from Plaintiff's complaint, which facts are deemed true when evaluating whether Plaintiff has stated an actionable claim. *Beddall v. State St. Bank & Trust Co*., 137 F.3d 12, 16 (1st Cir. 1998).

3

after the removal of the sign, he "has had numerous disciplinary infractions for sleeping thr[ough] formal 'count'" because "he does not hear 'count' being yelled by the unit officers." (*Id.* ¶¶ 33 – 34.)

Plaintiff asserts that the discipline imposed violates the Due Process Clause and is discriminatory, and that the denial of the hearing impaired sign and wake up procedure constitutes the denial of a reasonable accommodation for his hearing disability. (*Id.* ¶¶ 40 – 42, 54 – 57.) Plaintiff also alleges that he has repeatedly requested a professional hearing examination, but that his request has been denied.

Plaintiff asserts a claim of deliberate indifference against Defendants Wendy Riebe, Hope Freeman, Cindy McDonough, and Robert Clinton, who are employed by Defendant Correct Care Solutions, LLC. (*Id.* § VI.A, B.) In addition, Plaintiff alleges a due process claim against Defendant Shawn Welch, an employee of the Maine Department of Corrections, who, according to Plaintiff, conducted Plaintiff's disciplinary hearing without giving proper consideration to Plaintiff's hearing disability, and against Defendant Scott Landry, also an employee of the Maine Department of Corrections, who sustained the discipline on appeal. (*Id.* § VI.D, VII.A.2.) Plaintiff also asserts a state law claim of "breach of duty" against "all" defendants. (*Id.* § VI.C.)

## DISCUSSION

Plaintiff asserts four claims: (1) deliberate indifference to medical need; (2) denial of due process; (3) disability discrimination/failure to accommodate under federal law; and (4) breach of duty/failure to accommodate under state law. Plaintiff joined 15 defendants.

4

1. **Deliberate Indifference**

Plaintiff's right to medical care is governed by the Due Process Clause of the Fourteenth Amendment. Specifically, the Due Process Clause imposes on the states the "substantive obligation" not to treat prisoners in their care in a manner that reflects "deliberate indifference" toward "a substantial risk of serious harm to health," *Coscia v. Town of Pembroke*, 659 F.3d 37, 39 (1st Cir. 2011), or "serious medical needs," *Feeney v. Corr. Med. Servs.*, 464 F.3d 158, 161 (1st Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 105 – 106 (1976)). To be actionable, a deliberate indifference claim must satisfy both an objective and a subjective standard. *Leavitt v. Corr. Med. Servs.*, 645 F.3d 484, 497 (1st Cir. 2011).

The objective standard evaluates the seriousness of the risk of harm to one's health. For a medical condition to be objectively "serious," there must be "a sufficiently substantial 'risk of serious damage to [the inmate's] future health.'" *Farmer v. Brennan*, 511 U.S. 825, 843 (1994) (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). A medical need is serious if it has been diagnosed by a physician as mandating treatment, or is so obvious that even a lay person would recognize a need for medical intervention. *Leavitt*, 645 F.3d at 497; *Gaudreault v. Mun. of Salem*, 923 F.2d 203, 208 (1st Cir. 1990), *cert. denied*, 500 U.S. 956 (1991).

The subjective standard concerns the culpability of the defendant. There must be evidence that a particular defendant possessed a culpable state of mind amounting to "deliberate indifference to an inmate's health or safety." *Farmer*, 511 U.S. at 834 (internal quotation marks omitted). Deliberate indifference is akin to criminal recklessness,

"requiring actual knowledge of impending harm, easily preventable." *Feeney*, 464 F.3d at 162 (quoting *Watson v. Caton*, 984 F.2d 537, 540 (1st Cir. 1993)). The focus of the deliberate indifference analysis "is on what the jailers knew and what they did in response." *Burrell v. Hampshire Cnty.*, 307 F.3d 1, 8 (1st Cir. 2002).

Plaintiff asserts his deliberate indifference claim against his prison medical providers, i.e., Defendants Robert Clinton, Hope Freeman, Cindy McDonough, Wendy Riebe, and Correct Care Solutions, all of whom Plaintiff states were aware of his need for a hearing test and have denied him care for a hearing disability. (Complaint at 13 – 14.) Plaintiff's allegation of a hearing impairment suggests the existence of a serious medical need. Additionally, Plaintiff alleges that the medical provider defendants were on notice of his requests for care and purposefully denied him care. The allegations are sufficient at this stage of the proceedings. *See*, *e.g.*, *Fowler v. Dep't of Correction*, No. 3:17-cv-00848, 2017 WL 3401252, at *7 (D. Conn. Aug. 8, 2017).

**2.    Due Process**

"[W]hile persons imprisoned for crime enjoy many protections of the Constitution, it is also clear that imprisonment carries with it the circumscription or loss of many significant rights." *Hudson v. Palmer*, 468 U.S. 517, 524 (1984). With respect to the Due Process Clause, "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." *Montanye v. Haymes,* 427 U.S. 236, 242 (1976). For example, to raise a due process concern over a deprivation of liberty, a prisoner's

complaint must describe an "atypical and significant hardship … in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (holding that prisoner placed in segregation for 30 days did not experience "a major disruption in his environment").

In *Wilkinson v. Austin*, the Supreme Court explained:

After *Sandin*, it is clear that the touchstone of the inquiry into the existence of a protected, state-created liberty interest in avoiding restrictive conditions of confinement is not the language of regulations regarding those conditions but the nature of those conditions themselves "in relation to the ordinary incidents of prison life." *Id*., at 484, 115 S. Ct. 2293.

Applying this refined inquiry, *Sandin* found no liberty interest protecting against a 30-day assignment to segregated confinement because it did not "present a dramatic departure from the basic conditions of [the inmate's] sentence." *Id*., at 485, 115 S. Ct. 2293. We noted, for example, that inmates in the general population experienced "significant amounts of 'lockdown time'" and that the degree of confinement in disciplinary segregation was not excessive. *Id*., at 486, 115 S. Ct. 2293. We did not find, moreover, the short duration of segregation to work a major disruption in the inmate's environment. *Ibid.*

545 U.S. at 223.

Plaintiff alleges Defendant Welch deprived him of due process in connection with a disciplinary hearing because Defendant Welch denied Plaintiff an adequate opportunity to prove his hearing disability. (Complaint at 9, ¶ 43, and 14 – 15.) According to Plaintiff's filings, he received a few short-term (5-day) disciplinary sanctions that involved a cell restriction and loss of certain privileges. (PageID ## 22 – 23, 41.) Additionally, in June 2017, Plaintiff received a 30-day cell restriction and loss of privileges. (PageID # 68.) Plaintiff's allegations and documents attached to his complaint do not disclose or describe an atypical and significant hardship as contemplated by *Wilkinson* and *Sandin*.

7

Because the discipline disclosed in Plaintiff's complaint and related filings does not constitute an atypical and significant hardship, Plaintiff has not asserted an actionable due process claim.

**3.     Disability Discrimination**

Plaintiff asserts that he "seeks an injunction and damages pursuant to the Americans with Disabilities Act." (Complaint at 2, ¶ 1.) The Americans with Disabilities Act (ADA) and Rehabilitation Act "provide, in nearly identical language, that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *Nunes v. Mass. Dep't of Corr.*, 766 F.3d 136, 144 (1st Cir. 2014).[2]

Disability discrimination can consist of (a) the imposition of adverse consequences on a prisoner based on the prisoner's disability, (b) a prison policy that is neutral in its terms, but impacts prisoners with a disability more significantly, or (c) the refusal by the prison administrators to grant the prisoner a reasonable accommodation so that the prisoner can have meaningful access to a prison program or service. *Id.*

---

[2] Title II prohibits such conduct by public entities. 42 U.S.C. § 12132. Title III prohibits discrimination in places of public accommodation. 42 U.S.C. § 12182(a). Section 504 of the Rehabilitation Act prohibits discrimination under any program or activity receiving federal financial assistance. 29 U.S.C. § 794(a). The Supreme Court has observed that "[m]odern prisons provide inmates with many recreational activities, medical services, and educational and vocational programs, all of which at least theoretically 'benefit' the prisoners (and any of which disabled prisoners could be excluded from participation in)." *Penn. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998) (some internal quotation marks omitted).

8

To state a claim, a plaintiff must provide a short and plain statement that identifies the disability and the relationship between the disability and the policy or practice on which the discrimination claim is based. *See*, *e.g.*, *Toledo v. Sanchez*, 454 F.3d 24, 31 (1st Cir. 2006) ("To state a claim for a violation of Title II [of the ADA], a plaintiff must allege: (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities or was otherwise discriminated against; and (3) that such exclusion, denial of benefits or discrimination was by reason of his disability.").

At this preliminary stage of the proceedings, because Plaintiff alleges that on multiple occasions, he has been subjected to discipline based on his hearing disability, and because Plaintiff alleges the denial of a reasonable accommodation in the form of a hearing impaired sign and an alternative morning count practice, Plaintiff has adequately alleged a claim under the ADA. A question nevertheless remains as to whether Plaintiff has asserted an actionable claim against an appropriate defendant. Plaintiff alleges that "all defendants" have violated his rights. (Complaint ¶¶ 55 – 56.) This Court and other courts have held that there is no individual liability under Title II of the ADA or section 504 of the Rehabilitation Act. *See DeCotiis v. Whittemore*, 842 F.Supp.2d 354, 363 n.5 (D. Me. 2012). Courts have held, however, that a plaintiff may sue individual defendants in their official capacities for prospective injunctive relief pursuant to Title II of the ADA and/or the Rehabilitation Act. *See*, *e.g.*, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *Miranda B. v. Kitzhaber*, 328 F.3d 1181, 1188 – 89 (9th Cir. 2003).

Here, Plaintiff could conceivably obtain relief under the ADA against Defendant Scott Landry, the Warden of the Maine Correctional Center, in his official capacity,[3] and against Defendant Correct Care Solutions, LLC.

**4.     State Law**

Plaintiff alleges "all MDOC Defendants" (i.e., ten individual defendants) breached duties owed to him under state law and prison policy, citing complaint exhibits 46 and 47. (Complaint at 14, ¶ C.) Exhibit 46 is the Department of Corrections policy governing the accommodation of disabilities. (ECF No. 2-35.) Exhibit 47 is the Department policy prohibiting discrimination against prisoners on the basis of, inter alia, disability. (ECF No. 2-36.) Evidently, Plaintiff seeks to assert a state law claim against any individual who participated in the prison discipline process initiated as the result of Plaintiff's failure on certain occasions to present himself during morning count. Plaintiff, therefore, arguably attempts to assert a claim as arising under the Maine Human Rights Act (MHRA).

Pursuant to the public accommodation provisions of the MHRA:

It is unlawful public accommodations discrimination, in violation of this Act:

**1. Denial of public accommodations.** For any public accommodation or any person who is the owner, lessor, lessee, proprietor, operator, manager, superintendent, agent or employee of any place of public accommodation to directly or indirectly refuse, discriminate against or in any manner withhold from or deny the full and equal enjoyment to any person, on account of … physical or mental disability … any of the accommodations, advantages, facilities, goods, services or privileges of public accommodation, or in any manner discriminate against any person in the price, terms or conditions upon which access to accommodation, advantages, facilities, goods, services and privileges may depend.

---

[3] Because Plaintiff has not asserted his claim against the Department of Corrections, Defendant Landry, the Warden of the Maine Correctional Center, is a proper party in his official capacity.

5 M.R.S. § 4592. The MHRA authorizes the filing of a civil action as follows: "Within the time limited, an aggrieved person may file a civil action in the Superior Court against the person or persons who committed the unlawful discrimination." *Id.* § 4621.

In the analogous context of employment discrimination, the Maine Supreme Judicial Court, sitting as the Law Court, has held that the MHRA's somewhat broad language is designed to ensure the availability of vicarious liability against the entity that owes the legal obligation to an aggrieved person, and not to impose personal liability on the individuals who act on behalf of the entity. *Fuhrmann v. Staples Office Superstore E., Inc.*, 2012 ME 135, ¶¶ 32 – 34, 58 A.3d 1083, 1097 – 98. Applying a similar analysis in this context, the only entity that could be deemed a public accommodation under the MHRA regarding prisoner discipline and prisoner privileges is the Maine Department of Corrections. Such an approach brings the MHRA in accord with federal law, and is consistent with the view that federal law generally should be used as an interpretive guide when construing the MHRA. *Currie v. Indus. Sec., Inc.*, 915 A.2d 400, 404 (Me. 2007). *See also Dudley v. Hannaford Bros. Co.*, 190 F. Supp. 2d 69, 73 (D. Me. 2002), *aff'd* 333 F.3d 299 (1st Cir. 2003) ("Courts have interpreted the ADA and MHRA statutes as coextensive."); *Smith v. Maine Sch. Admin. Dist. No. 6*, No. 2:00-cv-00284, 2001 WL 68305, at *4 (D. Me. Jan. 29, 2001); *Doe v. Sch. Admin. Dist. No. 19*, 66 F. Supp. 2d 57, 61 (D. Me. 1999); *United States ex rel. Worthy v. E. Maine Healthcare Sys.*, No. 2:14-cv-00184-JAW, 2017 WL 211609, at *32 (D. Me. Jan. 18, 2017).

To the extent, therefore, that Plaintiff's complaint can be construed to assert a state law discrimination claim under the MHRA, the claim is in essence similar to Plaintiff's claim under the ADA, which claim is properly asserted against Defendant Landry in his official capacity and Defendant Correct Care Solutions, LLC.

**CONCLUSION**

Based on the foregoing analysis, pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(a), I recommend the Court dismiss Plaintiff's claims against Defendants Bailey, Brown, Carr, James, Lussier, Reed, Segler, Shipman, and Welch. If the Court adopts the recommendation, I recommend the Court order service of the complaint pursuant to 28 U.S.C. § 1915(d) on Defendants Clinton, Freeman, Landry, McDonough, Riebe, and Correct Care Solutions, LLC, on Plaintiff's deliberate indifference claim and Plaintiff's discrimination claims under the Americans with Disabilities Act and the Maine Human Rights Act.

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 17th day of November, 2017.