UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BRANDON GROSS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 2:17-cv-00297-JAW |
| ) | |
| SCOTT LANDRY, et al., ) | |
| ) | |
| Defendants. ) | |

MOTION FOR SUMMARY JUDGMENT OF DEFENDANT SCOTT LANDRY

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, Defendant Scott Landry hereby moves for summary judgment on all claims against him brought by Plaintiff Brandon Gross. As grounds for the motion, Defendant Landry states that Gross is no longer housed at the Maine Correctional Center in Windham, Maine. Therefore, Gross's federal and state-law claims for injunctive relief against Defendant Landry in his capacity as Warden are now moot and must be dismissed.

MEMORANDUM OF LAW

I. Background and Procedural History

Plaintiff Brandon Gross filed his complaint in this action on August 8, 2017. (Def. S.M.F. ¶ 1.) At the time he filed his complaint, Gross was a prisoner incarcerated at the Maine Correctional Center ("MCC"), a Maine Department of Corrections facility located in Windham, Maine. (Def. S.M.F. ¶¶ 2-3.) In his complaint, Gross alleges he is hearing impaired in his left ear and that corrections officers at MCC have discriminated against him and failed accommodate his disability by removing a hearing impairment sign from his cell door, resulting in disciplinary infractions for sleeping through formal count. (Def. S.M.F. ¶ 4.) The Court completed its preliminary review of Plaintiff's complaint on November 17, 2017. (ECF No. 19, Report &

1

Recommended Decision.)  The Magistrate Judge recommended that Gross's claims against nine prison officials be dismissed, but that Gross's claims for prospective injunctive relief under the federal Americans with Disabilities Act ("ADA") and Rehabilitation Act and the state Maine Human Rights Act ("MHRA") be allowed to proceed against Defendant Scott Landy in his official capacity as the Warden of MCC.  (*Id.* at 4-12.)  The recommended decision was affirmed on December 18, 2017, and the Court ordered the complaint to be served.  (ECF Nos. 20 & 21.)  The Office of the Maine Attorney General accepted service on behalf of Defendant Landry on December 19, 2017.  (ECF No. 23.)

Defendant Landry now moves for summary on all of Gross's claims against him.  On January 19, 2018, Brandon Gross was transferred from MCC to the Bolduc Correctional Facility ("BCF") in Warren, Maine.  (Def. S.M.F. ¶¶ 7-8.)  Because Gross is no longer housed at MCC, any injunctive relief ordered against Defendant Landry would not provide Gross with any relief.  Accordingly, Gross's claims for prospective injunctive relief against Defendant Landry in his official capacity are now moot.

## II.   Standard of Review

Summary judgment is appropriate when, based on the record before the court, it appears there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a), (c); *FDIC v. Anchor Props.*, 13 F.3d 27, 30 (1st Cir. 1994).  The moving party bears the initial burden of demonstrating the absence of evidence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the moving party makes a sufficient showing, the burden shifts to the non-moving party to produce specific evidence demonstrating a material dispute for trial.  *FDIC*, 13 F.3d at 30.  "A material fact is one which has the 'potential to affect the outcome of the suit under applicable law.'"  *Id.* (internal citation

omitted). "Though summary judgment is difficult to navigate as a *pro se* plaintiff the pleading burden of the federal and local rules of civil procedure apply to represented and unrepresented parties alike." *Carlson v. Rent-A-Ctr., Inc.*, 237 F. Supp. 2d 114, 116 (D. Me. 2003).

### III.     Argument

Article III, § 2 of the U.S. Constitution grants to the federal courts jurisdiction to adjudicate only live cases or controversies. *Thomas R.W. v. Mass. Dep't of Educ.*, 130 F.3d 477, 479 (1st Cir. 1997). An actual controversy must exist throughout all stages of the case, not just the date the action was initiated. *Id.* "A case becomes moot 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome, or alternatively, when the party invoking federal court jurisdiction no longer has a personal stake in the outcome of the controversy.'" *Id.* (internal citations omitted). To demonstrate that a case is moot, a defendant must show that the issues in the case are no longer "live" or that the parties lack a legally cognizable interest in the outcome. *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 16 (1st Cir. 2004). The plaintiff bears the burden of establishing any exception to mootness. *Ford v. Bender*, 768 F.3d 15, 30 (1st Cir. 2014).

In *Steir*, a disabled plaintiff sought prospective injunctive relief under both the ADA and the state's anti-discrimination statute. *Steir*, 383 F.3d at 11. The First Circuit stated that, in order to obtain prospective injunctive relief, a plaintiff must demonstrate more than that he or she was previously injured by an unlawful practice. *Id.* at 16. A plaintiff must show a likelihood of substantial and immediate, irreparable injury at the hands of the defendant. *Id.* In other words, the plaintiff must demonstrate an immediate danger of being subjected unlawful policy or illegal conduct by the defendant. *Id.* Past exposure to illegal conduct is not sufficient to present a live case or controversy for injunctive relief. *Id.*

Although the plaintiff in *Steir* may have suffered past discrimination by the defendant, during the pendency of her suit, the plaintiff severed all ties to the defendant. *Steir*, 383 F.3d at 16. As a result, there was no longer a live controversy and the district court had no ability to award injunctive relief against to the plaintiff. *Id.* Accordingly, the plaintiff's ADA and state-law discrimination claims for injunctive relief were moot. *Id.* at 16-17.

The First Circuit has also expressly held, "A prisoner's challenge to prison conditions or policies is generally rendered moot by his transfer or release." *Ford*, 768 F.3d at 29. Quoting the Fourth Circuit, the Court further explained:

> Once an inmate is removed from the environment in which he is subjected to the challenged policy or practice, absent a claim for damages, he no longer has a legally cognizable interest in a judicial decision on the merits of his claim. Any declaratory or injunctive relief ordered in the inmate's favor in such situations would have no practical impact on the inmate's rights and would not redress in any way the injury he originally asserted.

*Id.* (quoting *Incumaa v. Ozmint*, 507 F.3d 281, 287 (4th Cir. 2007)).

As discussed above, Gross's complaint asserts claims for prospective injunctive relief under the federal ADA and Rehabilitation Act and the state MHRA against Defendant Scott Landry in his official capacity as Warden of MCC regarding the conditions of his confinement at MCC. (Def. S.M.F. ¶¶ 4-5.) The warden of MCC is responsible for the supervision and control of all prisoners, detainees, employees, grounds, buildings, and equipment at the center. (Def. S.M.F. ¶ 6.) On January 19, 2018, Brandon Gross was transferred from MCC to BCF. (Def. S.M.F. ¶ 7.) BCF is a Maine Department of Corrections facility located in Warren, Maine. (Def. S.M.F. ¶ 8.) The chief administrative officer of BCF is the director, who is responsible for supervision and control of all prisoners, employees, grounds, buildings, and equipment at the facility. (Def. S.M.F. ¶ 9.)

Therefore, as of January 19, 2018, Gross is no longer under the supervision or control of Defendant Landry at MCC. Gross is now housed at BCF and under the supervision and control the director of that facility. Gross can no longer demonstrate a likelihood of immediate, irreparable injury by officers or employees at MCC in order to obtain injunctive relief. Even if Gross was subjected to illegal conduct in the past, prior conduct is not sufficient to demonstrate an irreparable injury to warrant prospective injunctive relief. Gross's transfer to BCF has rendered his claims for prospective injunctive relief moot. Accordingly, Defendant Landry is entitled to summary judgment in his favor on all claims against him.

### IV.   Conclusion

Based on the foregoing, Defendant Scott Landry respectfully requests that the Court grant summary judgment in his favor on all claims against him brought by Plaintiff Brandon Gross.

Dated: February 16, 2018                               /s/ Jason J. Theobald
                                                       Jason J. Theobald
                                                       Assistant Attorney General
                                                       Attorney for Defendant

                                                       Office of the Attorney General
                                                       Six State House Station
                                                       Augusta, ME 04333-0006
                                                       (207) 626-8800

CERTIFICATE OF SERVICE

      The undersigned hereby certifies that he electronically filed the above document with the Clerk of Court using the CM/ECF system, which will serve a copy on all counsel of record, and that he mailed a copy, postage paid, to the Plaintiff at the following address:

Brandon Gross  
Bolduc Correctional Facility  
516 Cushing Road  
Warren, ME 04864

Dated: February 16, 2018                           _/s/ Jason J. Theobald_____  
                                                                    Jason J. Theobald, AAG